**THE STROJNIK FIRM L.L.C.**
ATTORNEYS AT LAW
ESPLANADE CENTER III SUITE 700
2415 East Camelback Road
Phoenix, Arizona 85016
(602) 510-9409

PETER K. STROJNIK, ESQ.
AzBar 026082, CalBar 242728
strojnik@skplaw.com

*Attorney for Plaintiff William H. Jensen*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| WILLIAM H. JENSEN, a married man dealing with his sole and separate claim, <br><br> Plaintiff, <br><br> vs. <br><br> THE CITY OF FLAGSTAFF, an Arizona municipal corporation, <br><br> Defendants. | NO. <br><br> **COMPLAINT** <br><br><br> **JURY TRIAL DEMANDED** |

Plaintiff alleges as follows:

## INTRODUCTION

1. This is a case principally brought under the Age Discrimination in Employment Act of 1967 ("ADEA"), a federal statute codified at 29 U.S.C. §§ 621-634, to correct unlawful employment practices on the basis of age and to make Plaintiff whole. The Plaintiff also brings this action pursuant to the Arizona Civil Rights Act, Arizona Employment Protection Act and common law, as well as pursuant to Arizona Revised Statutes § 39-121.02 relating to the City

of Flagstaff's denial of public records relating to the age discrimination claims.  Defendant discriminated against Plaintiff on the basis of his age and thereafter willfully denied him access to public records to substantiate his claim.

**JURISDICTION AND VENUE**

2. Jurisdiction in this Court is proper pursuant to 28 U.S.C. §§ 1331 and 1343.  This Court has jurisdiction over the State law claims pursuant to 28 U.S.C. § 1367.

3. The employment practices and other wrongful acts alleged to be unlawful were committed within the Jurisdiction of this District, and Venue is proper in the Prescott division of the United States District of Arizona pursuant to LRCiv. 77.1(a).

4. Plaintiff has exhausted his administrative remedies by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC").  Plaintiff has not received a Right to Sue Notice, but such is not a prerequisite to the filing of a lawsuit in Federal Court on an ADEA claim.  See e.g. Julian v. City of Houston, 314 F.3d 721 (5th Cir. 2002).  The EEOC made a determination there is reasonable cause to believe Defendant violated the ADEA.

5. The EEOC investigation of Plaintiff's claims has not been closed, but due to Defendant's silence on conciliation efforts, Plaintiff seeks redress in this honorable Court.

**PARTIES**

6. Plaintiff William H. Jensen is a married man currently residing in Flagstaff, Coconino County, Arizona.

7. Defendant City of Flagstaff is an Arizona municipal corporation currently represented by the City Council members, Mayor and Vice Mayor. The City has the requisite number of employees as required by the ADEA.

## FACTUAL BACKGROUND

8. Plaintiff is a male born on March 28, 1945. He was hired by the Defendant as a Commercial Plans Examiner on April 18, 2003 at the rate of $18.00 per hour. A Plans Examiner is generally responsible for the review of construction plans in the City to ensure the proper legal codes are followed, any construction in the City meets the criteria laid out by public safety and health standards, and proper building permits have been obtained by developers.

9. Prior to Plaintiff's hire as Plans Examiner for the City of Flagstaff, he had over thirty (30) years of experience in the area of building, contracting and plans examining with municipal corporations in Arizona and California. From 1972 to 1976, Plaintiff was the Chief Maintenance Engineer for Ring Brothers Corporation. From 1977 to 1986, Plaintiff was the Senior Building Inspector for the City of Inglewood, California. From 1986 to 1989, Plaintiff was the Senior Building Inspector for San Bernardino County, California. From 1989 to 1991, Plaintiff was the Plans Examiner for the City of Hesperia, California. From 1991 to 1993, Plaintiff was the Zoning Enforcement Officer for the City of Victorville, California. From 1993 to 1999, Plaintiff was the Chief Building Official for Yavapai County, Arizona. From 1999 to 2002, Plaintiff worked two separate positions: one as the Building Official for the Town of Jerome, Arizona and the other as the Plans Examiner for GP Engineering, P.C. in

Prescott, Arizona. From 2002 until June 2009, Plaintiff was the Commercial Plans Examiner for Defendant.

10.  During Plaintiff's seven (7) years of employment with Defendant as Commercial Plans Examiner, his salary increased from $18.00 per hour to an *annual salary and benefit package of $88,321.75*. Plaintiff's work performance during his employment with Defendant consistently obtained "proficient" or better annual performance reviews. Indeed, Plaintiff's performance was exceptional to the point developers would send letters to the Mayor of Flagstaff commending Plaintiff on his job performance, to wit:

> **We would like to make a special mention of Mr. Bill Jensen, who serves in the building and safety division. Mr. Jenson [sic] has shown to be a tremendous asset to your city. He along with several other individuals has made our experience with the city very productive.**

11.  On April 3, 2009, Plaintiff was illegally selected by Defendant as part of a Reduction in Force and was offered a two-week severance package and a Settlement Agreement asking Plaintiff not to sue Defendant for, *inter alia*, any federal or state employment discrimination claim. Plaintiff rejected Defendant's offer. Plaintiff was thereafter terminated in June 2009. At the time of Plaintiff's RIF, he was sixty-four (64) years of age.

12.  At the time of Plaintiff's termination, he had seventy-two (72) of the required eighty (80) points to obtain full retirement benefits package. Had Plaintiff not been terminated, he would have obtained the required eighty (80) points in April 2012 (a few months from the date of this Complaint). It was Plaintiff's intention to retire when he obtained the full eighty (80) points.

13. When Defendant gave notice to Plaintiff that he would be selected for RIF, he was one of four Plans Examiners for the City of Flagstaff. The four Plans Examiners, their ages and length of tenure is reproduced below:

| Name | Age | Tenure |
|---|---|---|
| Plaintiff | 64 | 7 years |
| Ethan Borrero (probationary employee) | Mid-20s | Less 6 months |
| Nancy Shibley | Mid-30s | 6 years |
| Gilbert Smabey | Late-30s | 5 years |

14. Mr. Borrero has/had substantially less experience, education, and tenure than Plaintiff. For example, whereas Mr. Borrero merely has a two-year degree from a junior college in California, Plaintiff has an undergraduate degree in his field of practice. Whereas Mr. Borrero was a probationary employee with less than six months of employment with Defendant, Plaintiff was employed with the Defendant for seven (7) years. Whereas Mr. Borrero never had a paying job (in any professional field) prior to his employment with Defendant, Plaintiff had been gainfully employed with several other Cities and Towns as a Plans Examiner or Building Official longer than Mr. Borrero has/had been alive. Whereas Mr. Borrero was a probationary employee without any performance evaluations of record, Plaintiff had received seven (7) annual performance reviews of "proficient" or higher.

15. Defendant publishes rules, guidelines and factors it uses to develop a matrix to determine which employee(s) to RIF when presented with such a decision (the "Matrix"). The three other Plans Examiners received more favorable treatment in not being RIF'd under the Defendant's guise of using the Matrix and by altering the substantially younger Mr. Borrero's past employment performance to ensure he would not be selected as part of the Reduction in Force.

16. The Matrix states two factors are considered in making the decision of whom to RIF: (1) performance matrix based upon the <u>three most current performance reviews</u>, and (2) seniority. Plaintiff should not have been terminated based upon this Matrix because (1) Mr. Borrero had not even worked for the Defendant long enough to have three performance reviews, and (2) Plaintiff's seniority overcame Mr. Borrero's probationary status by six and one half (6 ½) years. Plaintiff's termination was/is not mathematically possible based on Defendant's own stated procedures for Reduction in Force.

17. The Defendant restates their published policies regarding who to RIF as follows:

> **To determine objectively which employees are to be laid off, the following factors will be used on a departmental basis:**
>
> 1. **Length of continuous service (full-time) with the City.**
>
> 2. **Employee skills, training, and job knowledge as determined by their three (3) most current merit evaluations.**
>
> 3. **Any other factor the Department Head and City Manager may consider to be important.**

18. The decision to terminate Plaintiff was a collaborative decision made amongst Plaintiff's supervisor Edwin Larsen, Mr. Larsen's supervisor, and the City Council, Vice-mayor and Mayor.

19. The City's termination of Plaintiff's employment was willful or showed a reckless disregard for whether the ADEA prohibited the conduct of terminating Plaintiff because of several factors, including, but not limited to: (i) two of the seven members of the City Council are attorneys and therefore should be aware of their employees' federal rights in employment; (ii) one of the two attorneys practices employment law and is familiar with law

-6-

relating to Human Resources, as described on her law website; (iii) the Matrix was a guise upon which to base Plaintiff's termination although it was not followed; (iv) the Defendant denied Plaintiff access to public records, which would substantiate the wrongfulness of Plaintiff's termination; and, (v) Defendant deviously altered Mr. Borrero's Matrix to make it appear he had the requisite three (3) merit evaluations.

20.     Defendant's termination caused Plaintiff damages not already listed herein, including, but not limited to, lost medical insurance coverage, mental distress, pain and anguish with his wife, mortgage difficulty, and several other damages in addition to the lost wages, lost future wages, liquidated damages, and other special, general and compensatory damages.

21.     After Plaintiff was RIF'd, he filed a Claim with the City of Flagstaff and made a separate request for public records with the City to substantiate his Claim. Notably, Plaintiff requested the performance Matrix for himself and the three other Plans Examiners who were not terminated. The City refused to produce these public documents, which are in its possession.

22.     On information and belief, Defendant refused to produce the records requested by Plaintiff because the records substantiate his claim of Age Discrimination, in part, because the Matrix records would demonstrate it is mathematically impossible for the substantially younger Mr. Borrero to score higher on the Matrix. As discovered later in the EEOC process, Defendant had altered Mr. Borrero's Matrix to appear he had the requisite three (3) merit evaluations needed to avoid RIF. He did not. He was a probationary employee who could have been terminated without cause. He was not a full employee when the Defendant decided to RIF Plaintiff.

23. Approximately a year after Plaintiff's termination, one of the other four Plans Examiners left her position – Ms. Shibley. The City posted an opening for a position as Plans Examiner, to which Plaintiff applied. Immediately after Plaintiff applied for the position, the posting was unpublished.

24. On information and belief, the City did not hire Plaintiff for the open Plans Examiner position, for which he had over thirty (30) years experience and seven (7) years of proficient or above performance evaluations, because of his age and because of his Charge with the EEOC.

25. On May 26, 2009, Plaintiff filed a Charge of Discrimination with the EEOC. After investigation, the EEOC found reasonable cause to believe the Defendant violated the ADEA and further determined the Defendant retaliated against a class of employees for its provision of the Severance Agreement to Plaintiff, to wit:

> I have considered all the evidence obtained during the investigation and find that there is reasonable cause to believe that there is a violation of ADEA in that the Respondent subjected Charging Party to a Reduction in Force based on his age.
>
> Like and related and stemming from this investigation, I find that there is reasonable cause to believe that Respondent's Severance Agreement is in violation of the ADEA, in that the agreement prohibits employees from filing any complaints with local, state or federal agencies, which constitutes retaliation against a class of employees under the ADEA.

**COUNT ONE**
**(Violation of the Age Discrimination in Employment Act)**
**(29 U.S.C. 621 et seq.)**

26. By reference hereto, Plaintiff incorporates the above Paragraphs.

27. The Age Discrimination in Employment Act of 1967, as codified at 29 U.S.C. §§ 621-634, proscribes employment discrimination based on an employee's age.

28. Under the ADEA, it is unlawful for an employer to discriminate against any of its employees with respect to their compensation, terms, conditions or privileges of employment because of the employee's age. These protections apply to any individual forty (40) years of age or older.

29. Plaintiff was over the age of forty at the time of his termination and is well qualified and capable of performing his individual job duties with Defendant.

30. Plaintiff suffered illegal discrimination on the basis of his age in violation of the ADEA, and Plaintiff has complied with all statutory requirements for bringing this action.

31. The ADEA incorporates civil remedies that are allowed under the Equal Pay Act, 29 U.S.C. § 626(b), and the Fair Labor Standards Act, including back pay and liquidated damages in an amount equal to the back pay award, plus all lost employment benefits. The ADEA also includes front pay, future lost benefits, and equitable relief such as reinstatement or, in the alternative, the award of front pay designed to compensate Plaintiff for his loss of future earnings.

**COUNT TWO**
**(Violation of Arizona Civil Rights Act)**
**(A.R.S. 41-1461 et seq.)**

32. By reference hereto, Plaintiff incorporates the above paragraphs.

33. The Arizona Civil Rights Act, as codified at Arizona Revised Statutes §§ 41-1401 et seq., proscribes discrimination of an employee based on that individual's age. A.R.S. § 41-1463.

34. An employee is within the protected class if he/she is forty (40) years of age or older.

35. Plaintiff suffered illegal discrimination on the basis of his age in violation of ARS 14-1463 and is well qualified and capable to performing his former duties.

36. Defendant's violation of the ACRA caused Plaintiff lost wages, lost future wages, and other damages as more fully described above.

37. Defendant showed malice and an evil heart in its illegal discrimination against Plaintiff.

**COUNT THREE**
**(Violation of the Arizona Employment Protection Act)**
**(A.R.S. 23-1501)**

38. By reference hereto, Plaintiff incorporates the above paragraphs.

39. The Arizona Employment Protection Act, codified at 23-1501, provides an employee with a cause of action if, *inter alia*, the employer terminates the employment relationship of an employee in violation of a statute of this State.

40. Defendant violated the Arizona Civil Rights Act, as more fully described above.

41. If the statute violated does not provide for a remedy, which the ACRA does not, the employee shall have a right to bring a tort claim for wrongful termination in violation of the public policy set forth in the statute. ARS 23-1501.

**COUNT FOUR**
**(Tort Claim for Wrongful Termination)**

42. By reference hereto, Plaintiff incorporates the above paragraphs.

43. The public policy of ACRA is to prohibit the discrimination of employees based upon their age, race, gender, and other identifying characteristics.

44. Defendant violated the public policy of this State when it illegally discharged Plaintiff based on his age as more fully discussed above.

45. Defendant's violation caused Plaintiff lost wages, lost future wages, and other damages as more fully described above.

46. Defendant acted with malice and an evil heart in discharging Plaintiff, and was so outrageous, e.g. modification of Mr. Borrero's Matrix, thereby entitling Plaintiff to an award of punitive damages.

## COUNT FIVE
### (Violation of A.R.S. 39-121 et seq.)

47. By reference hereto, Plaintiff incorporates the above paragraphs.

48. Arizona Revised Statutes § 39-121 permits the inspection of public records in the custody of any officer of any governmental agency in the State of Arizona. This statute permits some exceptions including confidentiality of peace officers, but these are not applicable here.

49. Any person who is denied access to or the right to copy the requested records is entitled to appeal such denial in a Court of Law. Attorney's fees and costs are awardable if the person requesting the documents substantially prevails.

50. Plaintiff was denied access to public records, which are in the custody of the Defendant, as more fully discussed above.

## PRAYER FOR RELIEF

51. Plaintiff prays for relief as follows:

    a. Declaring the acts and practices complained of herein are in violation of the ADEA and ACRA;

    b. General damages and compensatory damages to be proven at trial, including,

      i. Back pay in an amount not to be less than $203,584.63;

      ii. Front pay in an amount not to be less than $88,321.75;

      iii. The value of lost benefits.

c. Liquidated damages in an amount equal to the award of back pay, but not less than $203,584.63;

d. Special damages to be proven at trial;

e. Punitive and exemplary damages pursuant to common law count, in no event less than $500,000.00, to be proven at trial;

f. Prejudgment and post-judgment interest;

g. Attorney's fees and costs of suit;

h. For such other relief this Court deems just and that is awardable pursuant to law.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a jury trial.

RESPECTFULLY SUBMITTED this 29th day of January, 2012.

*/s/ Peter Kristofer Strojnik*
Peter Kristofer Strojnik (026082)
strojnik@skplaw.com
THE STROJNIK FIRM L.L.C.
Esplanade Center III, Suite 700
2415 East Camelback Road
Phoenix, Arizona 85016
602 510 9409
602 296 0135 (fax)

***Attorney for Plaintiff William H. Jensen***

-12-