**THE STROJNIK FIRM L.L.C.**
ATTORNEYS AT LAW
ESPLANADE CENTER III  SUITE 700
2415 East Camelback Road
Phoenix, Arizona 85016
(602) 510-9409

PETER K. STROJNIK, ESQ.
AzBar 026082, CalBar 242728
strojnik@skplaw.com

*Attorney for Plaintiff William H. Jensen*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| WILLIAM H. JENSEN, a married man dealing with his sole and separate claim,<br><br>　　　　　　　　　　　Plaintiff,<br><br>　vs.<br><br>THE CITY OF FLAGSTAFF, an Arizona municipal corporation,<br><br>　　　　　　　　　　　Defendants. | NO. 3:12-cv-8017-PCT-MHB<br><br>**MOTION TO RE-OPEN CASE TO ENFORCE AGREEMENT ON ATTORNEYS' FEES** |

Plaintiff William H. Jensen, by and through undersigned counsel, hereby respectfully moves this Court to reopen the above captioned action and to enforce the Parties' agreement on attorneys' fees that was contemplated in the accepted Offer of Judgment. <u>Dankese</u>, infra. As part of the accepted Offer of Judgment, Defendant offered reasonable attorneys' fees. Pursuant to LRCiv 54.2 (d)(1), Plaintiff and Defendant conferred and thereafter agreed on $15,000.00 as the amount of Plaintiff's attorneys' fees. Since the Parties' agreement on the amount of

reasonable attorneys' fees, Defendant has remained silent and has refused to honor its agreement. Plaintiff therefore brings this Motion.

WHEREFORE, Plaintiff respectfully requests this action be reopened, and the Court enter an Order of reasonable attorneys' fees to Plaintiff in the amount of $15,000.00 per the Parties agreement. This Motion is more fully supported by the below Memorandum of Points and Authorities, which by this reference is incorporated herein.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. RELEVANT FACTUAL BACKGROUND

Exactly one month ago on April 16, 2012, Defendant served an Offer of Judgment on Plaintiff, which contained the following relevant language:

> Defendant … hereby offer judgment to be taken against it in this matter by Plaintiff, in the total amount of ONE HUNDRED FIFTY THOUSAND AND NO/100 ($150,000.00) DOLLARS, plus costs then accrued to date *including reasonable attorneys fees incurred to date with said reasonableness to be determined by the Court*.

[Doc. 20] (italics supplied). Plaintiff accepted Defendant's Offer. Id. Upon entry of Judgment, the Clerk of the Court closed the case. [Doc. 23]. Prior to Plaintiff filing a Motion for an Award of Attorneys' Fees, he made a good faith effort with Defendant to resolve the amount of reasonable attorneys' fees pursuant to LRCiv. 54.2 (d)(1). See Exhibit 1 ("*I write to inquire whether you are amenable to discuss resolution of the attorneys' fees issue*") (emphasis supplied). Defendant made an offer on fees in the amount of $15,000.00. See Exhibit 2 ("*My client is willing to resolve the attorney fee portion of this matter for the sum of $15,000*") (emphasis supplied). Plaintiff accepted the offer and requested the filing of a Stipulation to memorialize the amount of reasonable attorneys' fees. See Exhibit 3 ("*My client accepts…We*

*could file a stipulation*") (emphasis supplied).  In fact, in reliance on Defendant's agreement on the amount of fees, Plaintiff represented to this honorable Court that said agreement was reached, which prompted the Doc. 22 Order to be filed.  [Doc. 21].

Defendant refused to enter into a Stipulation and insisted that Plaintiff sign an all-encompassing settlement agreement as to the entirety of the action as well as a dismissal of the action even though a Judgment was soon to be entered on the docket.  See Exhibit 4.  Plaintiff understandably refused this never-disclosed proposition.

After a week of no communication from Defendant, Plaintiff drafted and e-mailed Defendant a Stipulation accurately reflecting the Parties agreement on attorneys' fees.  See Exhibit 5 ("*Pursuant to our agreement on fees, attached please find a Joint Stipulation requesting fees in the amount of $15,000.00*") (emphasis supplied).  Defendant did not respond.  On May 10, 2012, Plaintiff again demanded Defendant honor its obligation to enter into a Stipulation.  See Exhibit 6 ("*You have been silent for a week now despite my repeated e-mails and voicemail*") (emphasis supplied).  On the following day, Defendant retreated from its insistence on an all-encompassing settlement agreement.  However, Defendant again refused to enter into a Stipulation and now insisted on a settlement agreement as to the fees issue only.  See Exhibit 7 ("*With respect to the agreement relating to fees, that is a settlement agreement…please draft a settlement agreement*") (emphasis supplied).  As a compromise, Plaintiff agreed to draft a brief Settlement Agreement on fees only and sent a copy to Defendant for review and signature.  See Exhibit 8 ("*Attached is a brief writing reciting our agreement on fees without more*") (emphasis supplied).  Defendant never responded.  Again on May 15, 2012, Plaintiff requested what the status is on signing the draft Settlement Agreement

or at the least receiving proposed changes.  See Exhibit 9 ("*What is the status on finalizing and satisfying*") (emphasis supplied).  Defendant still has not responded.  And to this day, Defendant has made no effort to satisfy the Judgment.

## II. ARGUMENT AND SUPPORTING LAW

### A. Plaintiff Is Entitled and Eligible for An Award of Attorneys' Fees Pursuant to the ADEA and Rule 68

Plaintiff is eligible for an award of attorneys' fees pursuant to 29 U.S.C. § 626(b).  See also 29 U.S.C. § 216(b) (ADEA incorporates FLSA provision requiring award of fees to Plaintiff when judgment obtained); Criswell v. Delta Air Lines Inc., 869 F.2d 449, 455 (9th Cir. 1989).  Plaintiff is entitled to an award of attorneys' fees because a judgment has been entered in his favor on his ADEA claim [Doc. 23], and Plaintiff accepted an Offer of Judgment providing for the award of reasonable attorneys' fees. [Doc. 20]

### B. This Court Should Enforce The Parties' Agreement on Fees and Enter an Order Awarding Plaintiff Attorneys' Fees in the Amount of $15,000

Federal courts have "an inherent power to supervise and enforce settlement agreements entered into by parties to an action pending before the court."  Dankese v. Defense Logistics Agency, 693 F.2d 13, 16 (1st Cir. 1982).  "Thus, a party to a settlement agreement may seek to enforce the agreement's terms when the other party refuses to comply."  Fid. & Guar. Ins. Co. v. Star Equip. Corp., 541 F.3d 1, 5 (1st Cir. 2008).  "[B]efore enforcing settlement, the district court must conclude that an agreement has been reached on all material terms."  Therma-Scan, Inc. v. Thermoscan, Inc., 217 F.3d 414, 419 (6th Cir. 2000).  "The construction and enforcement of settlement agreements are governed by principles of local law which apply to interpretation of contracts generally."  United Commercial Ins. Service, Inc. v. Paymaster Corp., 962 F.2d

853, 856 (9th Cir. 1992). "This is true even though the underlying cause of action is federal." Id. In Arizona, settlement agreements are interpreted using contract law. Lamb v. Arizona Country Club, 124 Ariz. 239, 242, 603 P.2d 510, 513 (Ct. App. 1979). Of course, the formation of a contract requires "an offer, acceptance of the offer, and consideration." Goodman v. Physical Resource Engineering, Inc., 229 Ariz. 25, 28, 270 P.3d 852, 855 (Ct. App. 2011).

Here, there is no question the Parties reached an agreement that Plaintiff would be entitled to fees because Plaintiff accepted an Offer of Judgment that included the award of reasonable attorneys' fees. See Doc. 20 ("*including reasonable attorneys fees incurred to date*") (emphasis supplied). An agreement on the sole material term – the *amount* of fees - was also reached. Defendant made an offer in the amount of $15,000.00. See Exhibit 2 ("*My client is willing to resolve the attorney fee portion of this matter for the sum of $15,000*") (emphasis supplied). Plaintiff accepted. Defendant confirmed that an agreement on fees was reached. See Exhibit 7 ("*With respect to the agreement relating to fees, that is a settlement agreement*") (emphasis supplied). Now, Defendant remains silent and refuses to honor its agreement. Accordingly, Plaintiff requests the Court enforce the agreement by entering an Order awarding Plaintiff's $15,000.00 in reasonable attorneys' fees pursuant to the accepted Offer of Judgment and the private agreement reached by the parties on the fees issue.

### III.   CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests an Order reopening this action and awarding Plaintiff reasonable attorneys' fees in the amount of $15,000.00. For the Court's convenience, a proposed form of Order is included with this Motion.

RESPECTFULLY SUBMITTED this 16th day of May, 2012.

                                                  */s/ Peter Kristofer Strojnik*
Peter Kristofer Strojnik (026082)
`strojnik@skplaw.com`
THE STROJNIK FIRM L.L.C.
Esplanade Center III, Suite 700
2415 East Camelback Road
Phoenix, Arizona 85016
602 510 9409 (tel)
602 532 7572 (fax)

***Attorney for Plaintiff William H. Jensen***